IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-03109-01-CR-S-ODS |
| ) | |
| CLAUDE X, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION (1) OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND (2) DENYING DEFENDANT'S MOTION TO SUPPRESS

Defendant filed a second Motion to Suppress, targeting evidence seized from a search of his car and a search of his house. On April 16, 2010, the Honorable James C. England, Chief Magistrate Judge for this district, issued his Report and Recommendation ("Report") recommending that the motions be denied. Defendant has filed objections and the Court has conducted a de novo review of the record. The Court overrules Defendants' objections, adopts the Report as the Order of the Court, and denies the motions.

The Report is detailed and well-reasoned, and the Court does not believe much needs to be added to what Judge England has stated. With respect to the search of the vehicle, there is no question that the stop was lawful because the police had a warrant for the arrest of Defendant's passenger, Melissa Owen. Owen was handcuffed and placed in a patrol car. While an officer stated he intended to conduct a search incident to the arrest, he never did. In the meantime, a K-9 unit alerted on the trunk of Defendant's car, providing the officers with probable cause to search the trunk; this search led to the discovery of items Defendant wants seized.

Two points are not disputed by Defendant. First, the drug detection dog's alert on the trunk of the car provided officers with probable cause to search the trunk. E.g., United States v. Donnelly, 475 F.3d 946, 954-56 (8th Cir. 2007). Second, no search was conducted until the K-9 unit alerted on the trunk. It does not matter what the officers'

plans may have been – by the time they searched the trunk, they had probable cause to search and it does not matter whether a search incident to Owen's arrest would have been justified.  There is no evidence that the time for the stop was unreasonable or unduly lengthened while the K-9 unit arrived and conducted its "sniff."  Cf. United States v. Olivera-Mendez, 484 F.3d 505, 509-10 (8th Cir. 2007); United States v. Alexander, 448 F.3d 1014, 1016-17 (8th Cir. 206).  In particular, Owen's possessions (including her purse) were still in Defendant's car, and the police had not finished processing her arrest.

In his objections to the Report, Defendant has reduced his arguments regarding the search of his home to one: that the probable cause determination was based in part on items found during the above-described search of his car.  This argument is rejected because, as explained, the Court concludes the search and discovery of contraband in Defendant's car was lawful.

IT IS SO ORDERED.

DATE: May 18, 2010

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT